Caruthers, J.,
delivered the opinion .of the Court.
In 1846, the Legislature chartered the “ Union Turnpike Company,” near Chattanooga, By a previous act of *32 1843, a charter was granted to Sami. JB. Mead to construct a turnpike road over the same route, and after doing some work upon it, he forfeited the charter. By the tenth section of the act of 1846, provision was made for the valuation of the work done by him, and that a certificate for stock to that amount should be issued to him by the new company. This was done, and his work valued at $1500. The last charter was also forfeited by lapse of the time authorized in the charter for the completion of the road. But the stock was taken under it, by the defendants and complainant, and subscriptions made in the names of fictitious persons, or in the name of real persons, without their authority. A meeting of the stockholders was had, and directors and president elected. But nothing more was done, and the enterprize again failed by lapse of time. No money was paid by the stockholders, and, perhaps, nothing done on the road. Mead was one of the directors elected.
This bill was filed by Mead to compel the other stockholders to contribute, in proportion to their stock, to make up to him the said sum of $1500. The Chancellor gave the relief.
We are not aware of any principle upon which this decree can be sustained. .His claim had been converted into stock by the express provisions of the tenth section of the act and his acquiescence therein by executing a receipt and receiving a certificate of stock; so he had no debt against the corporation, if it had even become a corporate body by the acceptance of the charter and proper organization under it; if he had, it was extinguished by the dissolution resulting from a *33 forfeiture. 5 Humph., 39. In such a case, the debts due to and from the corporation, are all extinguished, without some provision in the charter, or some general law to prevent it.
But he makes his claim against the stockholders, as individuals, for contribution. If such a claim could be maintained in any case, it surely cannot in one like this. Mead performed no labor, and expended no money on any contract with this corporation, on the faith of the stock subscribed by others. The work done by him was under a previous charter to himself, and for his own benefit, and he could hold no one liable for it. It was lost by his own fault, in not complying with his charter. But the equitable provision was inserted in the new charter for his benefit, so far as to make him a stockholder, to the extent of his demand for work done, Upon the failure of the second charter, he was in no worse condition than before, and could have no legal or equitable demand against any one.
Nor is there any principle upon which he can be relieved, upon the ground that the new board of directors did not do their duty in going on with the road. He was one of the board, and as much in fault as the others, if the charter was lost by want of action on their part. If they failed to pay in their stock, there was a mode by which they could have been compelled, and for not adopting this mode, the complainant is no less in fault than the other directors. At all events, we can base no claim against them on account of anything he has paid under the new charter, for in that respect, he stands precisely upon the same footing with his new associates, none of them has paid anything, nor has he; his claim *34 is not for work done on tbe faith of their subscription of stock, or upon any contract with them, but was against himself, as a defunct corporator, and only revived and made available against the new corporation in the particular mode prescribed by the statute of 184&. It was for his personal benefit, to afford him this new chance to save himself, and as it failed, he is in no worse condition than he was before. At all events, he has no claim against the defendants, which any Court can recognize.
The decree will be reversed, and the bill dismissed.